[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at Darien, Connecticut, on February 14, 1987. The plaintiff has been a lifelong resident of Connecticut. There is one child, issue of the marriage, Kelli, born September 7, 1988. The parties have stipulated in writing that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in Connecticut General Statutes §§ 46b-81, 46b-82, 46b-84 and46b-62 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
1. The parties, in accordance with their agreement, shall share joint legal custody of the minor child. The child's primary residence shall be with the plaintiff, and the defendant shall have rights of liberal and flexible visitation upon reasonable notice.
2. The defendant shall pay to the plaintiff as periodic alimony the sum of One Hundred Fifty ($150.00) dollars per week. The payments shall commence on April 1, 1996 and continue on the first day of each week thereafter, in advance, until the death of either party, the plaintiff's remarriage or April 1, 2001, whichever event first occurs. A contingent wage withholding order may enter.
3. The defendant shall pay to the plaintiff as child support, the sum of One Hundred Sixty-one ($161.00) dollars per week. The amount is in accordance with the child support guidelines. The payments shall commence on April 1, 1996 and continue on the first day of each week thereafter, in advance, until the child's death, emancipation, the child reaching majority or age 19 if still attending high school at majority, whichever event first occurs. For the remaining week in March, 1996, the defendant shall continue the pendente lite payment he has been making to the plaintiff. A CT Page 2694 contingent wage withholding order may enter.
4. The defendant shall maintain medical insurance coverage for the benefit of the minor child equivalent to that currently in effect through the defendant's employment. Any unreimbursed medical expenses for the child shall be equally shared by the parties. Section 46b-84d of the Connecticut General Statutes shall apply.
5. The husband shall maintain life insurance on his life in the amount of $100,000.00 naming the plaintiff as irrevocable beneficiary for as long as the defendant is obligated to pay either alimony or child support.
6. The plaintiff shall quitclaim her interest in the marital home in Norwalk to the defendant. The defendant is awarded the entire interest in the condominium in Stamford. The defendant shall indemnify and hold the plaintiff harmless from any liability on the mortgages and all other costs of ownership and occupancy on both the Norwalk house and the Stamford condominium.
7. As an assignment of property, the defendant shall pay to the plaintiff the sum of Six Thousand ($6,000.00) dollars. The defendant shall execute and deliver to the plaintiff a promissory note in that amount secured by a second mortgage on the Norwalk residence, payable, without interest, when the residence is sold or January 1, 2002, whichever event first occurs.
8. The defendant shall assign to the plaintiff by Qualified Domestic Relations Order Thirty-three and one-third (33-1/3%) percent of the present value of the defendant's interest in the New England Teamsters and Trucking Industry Pension Fund. The court retains jurisdiction to modify the QDRO ordered to comply with federal and state laws relating to retirement/pension plans.
9. Each party shall retain whatever savings or bank accounts are scheduled on their respective affidavits. The defendant is awarded all right, title and interest in his boat.
10. The parties shall retain their respective personal property which has already been divided to their mutual satisfaction.
11. Each party shall retain her/his own motor vehicle. The plaintiff shall be responsible for her auto loan and shall CT Page 2695 indemnify and hold the defendant harmless from any liability thereon.
12. The defendant shall pay his own attorney's fees and shall pay the plaintiff $1,500.00 towards her attorney's fees.
13. The plaintiff's maiden name of Woods is ordered restored. Judgment may enter accordingly.
NOVACK, J.